IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKKO D'AMBROSIO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., *et al.*, <br><br> Defendants. | Case No. 24-cv-678 |

**PLAINTIFF'S INITIAL STATUS REPORT**

Plaintiff Nikko D'Ambrosio ("Plaintiff") by and through undersigned counsel, sets forth below Plaintiff's Initial Status Report:

1. **Nature of the Case**

    a. <u>Attorneys of Record and Status of Service</u>

    Plaintiff:

    Marc P. Trent (ARDC #6324928)

    Daniel Nikolic (ARDC #6205792)

    TRENT LAW FIRM, P.C.

    2 TransAm Plaza Drive, Suite 300

    Oakbrook Terrace, IL 60181

    service@trentlawfirm.com

    b. <u>General Case Status</u>

    Defendants Abbigail Rajala, Rodney Rajala, Carol Rajala, Paola Sanchez, and Blake Millbrand have had summonses issued for service by Plaintiff on March 19, 2024. Defendants Abbigail Rajala, Rodney Rajala, and Carol Rajala received service of the Summons and Complaint on March 26, 2024. Plaintiff has received no communications from these Defendants or relevant counsel as of the filing of this Initial Status Report.

Plaintiff has thus far made four attempts for service upon Defendants Paola Sanchez and Blake Millbrand, but said attempts have been unsuccessful. Each of the above-referenced individual Defendants were notified of the April 8th Status date via delivery by certified mail of this Court's Order.

Plaintiff sent requests for waivers of service to each of the 27 corporate Defendants via certified mail to the registered agents of each relevant Defendant on or about March 21, 2024. Plaintiff has thus far received no response from any corporate Defendant, and Plaintiff intends to issue summonses for service upon the corporate Defendants within the coming weeks should a response to Plaintiff's requests for waivers of service not be received.

c. Nature of Claims

Plaintiff alleges seven causes of action on behalf of himself and all others similarly situated to himself, as follows:

    i. Defamation *Per Se*

        a. Plaintiff's Complaint recounts events regarding the intentional publication of provably false and defamatory statements about Plaintiff to tens of thousands of individuals, including falsely accusing Plaintiff of being guilty of criminal sexual assault, by Defendants on the Facebook website inside of the "Are We Dating the Same Guy?" online community. Plaintiff contends that Defendants Meta Platforms, Inc, Meta Platforms Technologies, Inc., Facebook Entertainment, LLC, Facebook Global Holdings I, LLC, Facebook Global Holdings I, Inc., Facebook Global Holdings II, LLC, Facebook Global Holdings III, LLC, Facebook Media Productions, LLC, Facebook Operations, LLC, Facebook Procurement, LLC, Facebook Ad Management, LLC, Facebook Holdings, LLC, Facebook International, LLC, Facebook Investor Group, LLC, Facebook, LLC, Facebook Media, LLC, Facebook Miami, LLC, Facebook Overseas, Inc., Facebook Property, LLC, Facebook

Services, Inc., Facebook Shop, Inc., and Facebook Circularity, LLC (the "Meta Defendants") alongside AWDTSG, Inc., and Spill the Tea, Inc. have engaged in the creation or development of defamatory content and are therefore liable for same.

ii. Intentional Infliction of Emotional Distress

   a. Plaintiff alleges that the conduct of Defendants described in his Complaint specifically intended to cause Plaintiff harm and cause him extreme emotional distress. Defendants conduct is so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community.

iii. Invasion of Privacy by False Light; Civil Conspiracy

   a. Defendants, as a part of a campaign of harassment and abuse, broadcast numerous outrageous lies about Plaintiff to tens of thousands of people in the "Are We Dating the Same Guy?" community which places Plaintiff in a false light that would be construed to be highly offensive to a reasonable person.

iv. Civil Liability for Doxxing (740 ILCS 195/15)

   a. Defendants intentionally published the personally identifiable information of Plaintiff such as his name and photograph without consent for the purpose of causing injury to Plaintiff, including risk of death, bodily injury, or stalking.

v. Misappropriation (765 ILCS 1075/)

   a. Defendants republished and continue to republish images of Plaintiff and his likeness without authorization for the purposes of commercial profit, such as the bolstering of crowdfunding revenue in the case of Spill The Tea, Inc., AWDTSG, Inc., and Defendants Sanchez and Millbrand, or by using said content in targeted recommendation algorithms for users on the Facebook website in an effort to maximize advertising revenue, time spent on the Facebook website, and by extension the amount of

        consumer data that can be obtained by the Meta Defendants for individual users. Defendants have never had authorization to use Plaintiff's intellectual property and their republication of his likeness has caused and continues to cause him damages.

  vi. Unjust Enrichment

      a. Defendants have unjustly enriched themselves in the form of crowdfunding revenue, advertising revenue, the collection of consumer information, and others at Plaintiff's expense through their wrongful conduct and misappropriation of Plaintiff's intellectual property.

  vii. Public Disclosure of Private Facts

      a. Defendants, as part of an ongoing campaign of harassment and abuse, intentionally published Plaintiff's personal identify and likeness in addition to private facts about the Plaintiff that would be construed to be highly offensive to a reasonable person and of no legitimate concern to the public.

d. <u>Relief Sought</u>

Plaintiff seek injunctive relief preventing the further dissemination of the class Plaintiffs personally identifiable information and intellectual property alongside individualized compensatory and punitive damages for the reputational harm and emotional distress the plaintiffs have suffered, alongside attorney's fees for the bringing of this action in an amount to be determined at trial. Plaintiff's investigation is still ongoing and the prospective class members number in the thousands.

2. **Pending Motions**

At this time, there are no motions pending before the Court as Plaintiff diligently works to complete service upon the large number of Defendants in this action.

3. **Proposed Discovery Schedule**

At this time, the parties have exchanged no communications and service has not been obtained on all relevant Defendants. Once all parties have been properly served and any prospective motions have been resolved, Plaintiff anticipates extensive written and oral discovery related to the parties' claims and defenses.

4. **Jury Demand**

Plaintiff demands a trial by jury, and at this time believes that any prospective trial will take several weeks.

5. **Status of Settlement Discussions**

The parties have yet to engage in any settlement discussions and service has not been completed upon all Defendants at this time.

6. **Consent to Proceed Before Magistrate**

Plaintiff consents to proceed before the Magistrate Judge.

Respectfully submitted,

Marc P. Trent (ARDC #6324928)
One of Plaintiff's Attorneys

Daniel Nikolic (ARDC #6205792)
One of Plaintiff's Attorneys

**TRENT LAW FIRM, P.C.**
2 Trans Am Plaza Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
*service@trentlawfirm.com*