IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIKKO D'AMBROSIO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 24-cv-678 |
| | ) | |
| META PLATFORMS, INC., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO SUBSTITUTE JUDGE**

NOW COMES the Plaintiff, Nikko D'Ambrosio ("D'Ambrosio" or "Plaintiff"), by and through undersigned counsel, and in support of his Motion to Substitute Judge, states as follows:

1. The instant action is presently before the Honorable Sharon Johnson Coleman.

2. On April 2, 2024, Plaintiff's counsel was contacted by the Honorable Gary Feinerman (Ret.) who notified Plaintiff that he would be representing the Meta Platforms and subsidiaries in the instant matter. *See Exhibit A.*

3. That on April 8, 2024, The Hon. Sharon Johnson Coleman notified Plaintiff that she and Judge Feinerman have an extensive professional relationship and the two participated in their respective senate confirmation hearings alongside one another.

4. That 28 U.S.C. §455 states, in pertinent part, that "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989) (Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned.").

5. Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *See Liljeberg v. Health Services Acquisition Corp.*,

1

486 U.S. 847 (1988) (what matters is not the reality of bias or prejudice but its appearance); *United States v. Ballistrieri,* 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) is "directed against the appearance of partiality, whether or not the judge is actually biased.") ("28 U.S.C. §455(a) is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.")

WHEREFORE, the Plaintiff, Nikko D'Ambrosio, respectfully requests that this Honorable Court enter an Order recusing The Honorable Sharon Johnson Coleman from presiding over this matter, returning this matter for reassignment, and for any such other and further relief as this Court deems equitable and just.

Respectfully submitted,

_____
Marc P. Trent (ARDC #6324928)
One of Plaintiff's Attorneys

_____
Daniel Nikolic (ARDC #6205792)
One of Plaintiff's Attorneys

**TRENT LAW FIRM, P.C.**
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
*service@trentlawfirm.com*

2

**Trent Law Firm, P.C.**

**EXHIBIT A**

| | |
|---|---|
| **From:** | Gary.Feinerman@lw.com |
| **Sent:** | Tuesday, April 2, 2024 4:20 PM |
| **To:** | Trent Law Firm, P.C. |
| **Cc:** | Melanie.Blunschi@lw.com; Dan Nikolic; Marc P. Trent |
| **Subject:** | RE: D'Ambrosio v. Meta Platforms, Inc., 24-cv-678 (N.D. Ill.) |

Dear Mr. Trent,

We see from the docket that you filed the status report unilaterally just before 2pm CT.

As for the waivers, we have no record of them, so please go ahead and send a fresh set to me, and we'll confer with the Meta Defendants on whether to waive service. We'll be representing the Meta Defendants in this case, though please note that some entities you named as defendants may not exist or may be incorrectly named, so of course we won't represent any non-existent entities.

Sincerely,
Gary Feinerman


**Gary Feinerman**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7110 | M: +1.312.623.1547

**From:** Trent Law Firm, P.C. <service@trentlawfirm.com>
**Sent:** Tuesday, April 2, 2024 12:21 PM
**To:** Feinerman, Gary (CH) <Gary.Feinerman@lw.com>
**Cc:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Dan Nikolic <dnikolic@trentlawfirm.com>; Marc P. Trent <mtrent@trentlawfirm.com>
**Subject:** RE: D'Ambrosio v. Meta Platforms, Inc., 24-cv-678 (N.D. Ill.)

Good afternoon Mr. Feinerman,

Thank you for your message. As you know, the instant matter is still within the time limits allotted for service pursuant to Rule 4(m). In addition to your client's recent receipt of notification of the upcoming status hearing, each of them were additionally provided with Notices and Requests for Waivers of Service along with copies of Plaintiff's Complaint under separate cover, along with every other named corporate defendant in this action. Based on your response, it appears that these documents have not been received. Please confirm that you will represent the Meta Defendants in this matter, as we have not yet received an appearance. Furthermore, please advise if you are authorized to waive service on behalf of the Meta Defendants and we will forward additional copies for your review and execution.

Please find attached a copy of Plaintiff's Initial Status Report which will be filed later this afternoon, for your review. Please provide any suggestions or redlines at your earliest convenience to ensure compliance with the Court's deadline. Several individual Defendants have been served and to date the Plaintiff has received no communications from any Defendant outside of your message this morning.

Thank you for your time and attention to this matter, it is greatly appreciated. Should you have any questions or wish to discuss this matter further, please do not hesitate to contact our offices.

1

Very truly yours,
Marc P. Trent

**From:** Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>
**Sent:** Tuesday, April 2, 2024 11:06 AM
**To:** Attorney Trent Law Firm <attorneys@trentlawfirm.com>; Marc P. Trent <mtrent@trentlawfirm.com>
**Cc:** Melanie.Blunschi@lw.com
**Subject:** D'Ambrosio v. Meta Platforms, Inc., 24-cv-678 (N.D. Ill.)

Dear Mr. Trent,

I write on behalf of Meta Platforms, Inc. and the defendants affiliated with Meta (collectively, "Meta Defendants").

Certain of the Meta Defendants yesterday received from you, by certified mail, a copy of the court's 2/16/2024 order, which sets a 4/8/2024 in-person status hearing, requires you to "advise the defendant(s) of the status hearing forthwith," and directs the parties to "meet and discuss the status of the case" and to "file a joint status report … at least 3 business days prior to the status." The postmark on the envelopes received thus far reflect that you mailed the orders on 3/28/2024. The timing of your mailings does not qualify as "forthwith," nor does it allow for an appropriate opportunity for meeting to discuss the status of the case or for agreeing upon and filing a joint status report by 4/3/2024.

In addition, a review of the court's docket indicates that while you have arranged for summonses to be issued on certain individual defendants, you have not done so for any of the Meta Defendants. And the docket does not reflect that any defendant has been served.

Although our availability today and tomorrow is very limited at this point, we are willing to meet with you to discuss the status of the case. We also are willing to review any draft of the joint status report that you have prepared, although please bear in mind we would have to consult with the Meta Defendants before signing off on a final product. Given the eleventh hour, you may wish to consider moving the court to postpone the status hearing and push back the joint status report deadline, explaining that no defendant has been served, that you delayed in advising defendants of the status hearing, and that your delay left insufficient time for the parties to hold their required meeting or to agree upon a joint status report.

Sincerely,
Gary Feinerman


**Gary Feinerman**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7110
Email: gary.feinerman@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.