IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKKO D'AMBROSIO, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 24-cv-678 |
| ) | |
| META PLATFORMS, INC., *et al.*, ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

### A. Attorneys of Record

Plaintiff:  Marc P. Trent
TRENT LAW FIRM, P.C.
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181

Defendants:

 Meta Platforms:  Gary Feinerman
Latham & Watkins LLP
330 N Wabash Ave, Suite 2800
Chicago, IL 60611

Spill The Tea:  Amanda Catalano & Megan Ryan
Tabet DiVito & Rothstein, LLC
209 S. La Salle Street, 7th Floor
Chicago, IL 60604

Abbigail Rajala:  James G. Vanzant
Blaine & Vanzant, LLP
922 Davis Street
Evanston, IL 60201

AWDTSG, Inc.:  Service obtained 5/13/2024 (Dkt. 24); No appearance.

Carol & Rodney Rajala:  Service obtained 3/26/2024 (Dkt.7); No appearance.

Paola Sanchez:  Amanda Catalano & Megan Ryan (appearance forthcoming)
Tabet DiVito & Rothstein, LLC
209 S. La Salle Street, 7th Floor
Chicago, IL 60604.

Blake Millbrand:  Amanda Catalano & Megan Ryan (appearance forthcoming)
Tabet DiVito & Rothstein, LLC

>  209 S. La Salle Street, 7th Floor
>  Chicago, IL 60604

Plaintiff intends to file a Motion for Leave to file his First Amended Complaint in the near future, which will remove from the Complaint those Defendants not explicitly referenced herein.

### B. Nature of Claims

Plaintiff asserts seven counts in his Complaint, as follows:

1. Defamation
2. Intentional Infliction of Emotional Distress
3. Invasion of Privacy by False Light; Civil Conspiracy
4. Civil Liability for Doxing (740 ILCS 195/15)
5. Misappropriation (765 ILCS 1075/5)
6. Unjust Enrichment
7. Public Disclosure of Private Facts

Each of Plaintiff's counts stem from the alleged unauthorized republication and misappropriation of his likeness by Defendants in connection with the "Are We Dating the Same Guy?" online community, where users who oftentimes remain anonymous allegedly are permitted to make unverified and baseless allegations of criminal conduct and wrongdoing such as those allegedly suffered by Plaintiff and alleged in his Complaint.

>  Defendants deny Plaintiff's claims.

### C. Briefly identify the major legal and factual issues in the case.

1. Whether Defendants are immune from liability under 47 U.S.C. § 230.
2. Whether Defendants are liable for defamation as a result of statements published on Defendants' platforms.
3. Whether Defendants are liable for doxing under 740 ILCS 195/15 for allegedly engaging in the publication and/or facilitating the publication of Plaintiff's personally identifiable information.

### D. State the relief sought by any of the parties.

Plaintiff seeks money damages to the maximum extent permitted by law.

## II. Jurisdiction

### A. Identify all federal statutes on which federal question jurisdiction is based.

Jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds sums of $5,000,000.00 exclusive of interests and costs, and there are more than 100 putative class members, and minimal diversity exists because many prospective class members are citizens of different states than Defendants.

Jurisdiction is proper under 28 U.S.C. 1332 as the amount in controversy exceeds $75,000.00 and all Plaintiffs are domiciled within states other than that of all Defendants. Plaintiff is a citizen of Illinois. Defendant Meta Platforms, Inc. is a citizen of Delaware and California. Defendant AWDTSG, Inc. is a citizen of Delaware. Defendant Spill the Tea, Inc. is a citizen of Delaware and California. Defendants Abbigail, Rodney, and Carol Rajala are citizens of Michigan. Defendants Paola Sanchez and Blake Millbrand are citizens of California. Defendants Jane Does 1-26 have not been identified by Plaintiff at this time.

Defendant Rajala contests that jurisdiction is proper at this time.

### III. Status of Service

Defendant Meta Platforms, Inc. has waived service, and Plaintiff has agreed (at least for the time being) to not pursue the other Meta and Facebook defendants named in the original complaint.

Defendants Sanchez and Millbrand have agreed to waive service and are awaiting receipt of waiver papers from Plaintiff.

Plaintiff has successfully obtained service on all other defendants.

### IV. Motions

**A. Briefly describe any pending motions.**

At the present time, there are no pending motions. Plaintiff intends in the near future to file motions for alternative service upon Defendants Sanchez and Millbrand, in addition to a motion seeking leave to amend his Complaint.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.**

Until Plaintiff's amended complaint is filed, Defendants cannot determine whether they will answer or file a motion.

Defendant Spill the Tea, Inc.'s response to the current complaint is due June 28, 2024. Plaintiff has agreed that Spill the Tea, Inc. need not respond to the current complaint in light of Plaintiff's anticipated amended complaint.

### V. Case Plan:

Plaintiff anticipates extensive discovery of all types and manners for each Defendant relevant to their operations, functions, purpose, and actions taken with respect to the allegations in Plaintiff's Complaint. Plaintiff anticipates extensive expert discovery given the extremely technical nature of the Defendant's platforms and services utilized in connection with the allegations in Plaintiff's Complaint.

Proposed Discovery Schedule:

| Rule 26(a)(1) Disclosures | 09/30/2024 |
| --- | --- |
| Deadline to issue first set of written discovery | 10/30/2024 |

| Deadline to issue Deposition Notices | 01/30/2025 |
|---|---|
| Fact Discovery Closes | 04/30/2025 |
| Deadline to Amend Pleadings | 05/30/2025 |

The parties anticipate a requirement of extensive expert discovery.

Defendants submit that Plaintiff's discovery schedule is premature and that no discovery schedule should be even considered until Plaintiff files his amended complaint. If Defendants move to dismiss the amended complaint, they may contend that discovery should be stayed pending resolution of the motion.

**C. State whether the parties anticipate discovery of ESI in this case. The parties should consult the Court's sample ESI order that can govern non-complex ESI discovery. For complex ESI discovery, including discovery that uses technology assisted review (TAR), the parties should consider submitting a more detailed proposed order to the assigned magistrate judge, with an accompanying motion. In a patent case, the parties should be familiar with the Local Patent Rules for Electronically Stored Information.**

If discovery proceeds, the parties anticipate discovery relating to ESI and shall meet and confer regarding submitting a Proposed Order governing the discovery of ESI.

**E. TRIAL**

Plaintiff demands a trial by jury and anticipates that any trial in this matter will require 2-3 weeks at this stage.

**VI. Consent and Settlement Discussions:**

The parties have not engaged in any settlement discussions to date. Plaintiff is agreeable to engaging in a settlement conference prior to the significant expenditure to be associated with the instant litigation.

Respectfully submitted,

_/s/Marc P. Trent_
Marc P. Trent (ARDC #6324928)
Attorney for Plaintiff


_/s/Gary Feinerman_
Gary Feinerman
Attorney for Meta Platforms, Inc.

4

___*/s/James Vanzant*___
James Vanzant
Attorney for Abbigail Rajala

_*/s/Amanda Catalano*___
Amanda Catalano
Attorney for Defendants Spill The Tea, Inc., Paola Sanchez, and Blake Millbrand

**TRENT LAW FIRM, P.C.**
2 TransAm Plaza Drive, Suite 300
Oakbrook Terrace, IL 60181
(630) 682-3100
service@trentlawfirm.com