United States District Court
Northern District of Illinois
Eastern Division

**Nikko D'Ambrosio**,

   Plaintiff,

v.

**Carol and Rodney Rajala,**

   Defendant.

No. 24-cv-00678

Judge Sunil R. Harjani

## Defendants Carol and Rodney Rajala's Motion to Dismiss

Defendants Carol and Rodney Rajala move to dismiss the Second Amended Complaint (Dkt. 53) with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## Background

On 10/11/2024, Plaintiff Nikko D'Ambrosio submitted his second amended complaint. *See* Dkt. 53. Plaintiff's second amended complaint names Carol and Rodney Rajala as defendants on Counts 1 and 2. *See Id.* at ¶ 78, 86. Carol and Rodney are Abbigail Rajala's parents. The factual allegations against Carol and Rodney Rajala are as follows:

> 48. Upon information and belief, Defendants Rodney Rajala and Carol Rajala maintain a home internet network accessed and utilized by Defendant Abbigail Rajala for the purpose of posting such statements, intellectual property, and personally identifiable information relating to Plaintiff. Upon information and belief, Defendants Rodney Rajala and Carol Rajala were complicit in the unauthorized redistribution of Plaintiff's intellectual property by permitting the unauthorized redistribution to occur on an internet network owned, maintained, and controlled by them.

See *Id.* at ¶ 48.

## Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. To that end, a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## Argument

The Second Amended Complaint fails to allege any facts supporting Carol and Rodney Rajala's inclusion in this lawsuit beyond a general suspicion that a daughter may have used her parents' wifi at some point when she logged into Facebook. As a result, Counts 1 and 2 against Carol and Rodney are not plausible on their face. Thus, this Court should dismiss both counts against Carol and Rodney with prejudice.

1. **Count 1 fails to state a claim against Carol and Rodney Rajala.**

For the reasons outlined in section 1 of Defendant Abbigail Rajala's Motion to Dismiss the Second Amended Complaint, section I(A) of Meta's Motion to Dismiss (Dkt. 65 at 3-4), and in section II(A) of the Spill the Tea Defendants' Motion to Dismiss (Dkt. 71 at 10-11), which Defendants Carol and Rodney Rajala adopt and incorporate by reference, the IRPA claim fails as a matter of law because the complaint does not plausibly allege that Carol or Rodney posted or was aware of anyone posting D'Ambrosio's photograph on Facebook "for a commercial purpose." Further, for the reasons outlined in section 1 of Defendant Abbigail Rajala's Motion to Dismiss and section I(A) of Meta's Motion to Dismiss (Dkt. 64

at 4), which Defendant's Carol and Rodney Rajala also adopt and incorporate by reference, section 35(b)(1) if IRPA expressly exempts Rajala's alleged use of D'Ambrosio's photograph because her post was not a commercial advertisement for a product, merchandise, good, or service.

Plaintiff's Illinois Right to Publicity Act ("IRPA") claim against Carol and Rodney Rajala is frivolous. To state a claim for a violation of IRPA, the plaintiff must allege (1) an appropriation of the plaintiff's identity, (2) without the plaintiff's written consent, and (3) for the defendant's commercial purpose. See *Huston v. Hearst Commc'ns Inc.*, 53 F. 4th 1097, 1099 (7th Cir. 2022) (cleaned up, internal citations omitted).

According to the Second Amended Complaint, Carol and Rodney Rajala's only involvement with this case is the fact that they *maintained a home-internet-network* that Abbigail used to post Plaintiff's image on the Chicago subgroup of the Facebook page 'Are We Dating the Same Guy' ("AWDTSG"). *See* Dkt. 53 at ¶ 48. The complaint does not allege that Carol and Rodney Rajala appropriated Plaintiff's identity in any way, let alone for a commercial purpose as required by the statute. The complaint does not allege that either Carol or Rodney knew Abbigail would use their home internet network for this purpose. The complaint does not allege that Abbigail mentioned her interactions with Plaintiff to Carol or Rodney at any point. The complaint does not allege that Carol or Rodney had even heard of Plaintiff at the time of the events. Instead, D'Ambrosio only states, "Defendants Rodney Rajala and Carol Rajala were complicit in the unauthorized redistribution of Plaintiff's intellectual property by permitting the unauthorized redistribution to occur on an internet network owned, maintained, and controlled by them." *See* Dkt. 53 at 48. Plaintiff's complaint gives no notice as to what makes a person *complicit in the unauthorized redistribution* of another's personally

identifiable information, and the statute does not create liability under a theory of "complicity."

Plaintiff's Second Amended Complaint does not come anywhere close to stating a claim for relief that is plausible on its face. Therefore, this Court should dismiss prejudice Count 1 against Carol and Rodney Rajala with prejudice.

2. **Count 2 fails as a matter of law.**

"Under Illinois law, unjust enrichment is not a separate cause of action." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019) (citation omitted). Because D'Ambrosio's substantive claims fail, his unjust enrichment claim also fails. *Love v. Simmons*, 2024 WL 809107, at *16 (N.D. Ill Feb. 27, 2024). Thus, this Court should dismiss Count 2 as to Carol and Rodney Rajala with prejudice.

Respectfully Submitted,

/s/ Andrew D. Finke
Attorney for Carol and Rodney Rajala

James G. Vanzant
Andrew D. Finke
Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: jgv@blainevanzant.com
E-mail: adf@blainevanzant.com

*Note: Law clerk Hank T. Stillwell provided substantial and invaluable assistance to counsel in preparing this motion to dismiss.*

Defendants Carol and Rodney Rajala's Motion to Dismiss Plaintiff's Second Amended Complaint