**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIKKO D'AMBROSIO,                          )
                                Plaintiff,          )
v.                                         )      Case No. 24-cv-678
                                              )
META PLATFORMS, INC., *et al.*,            )
                              Defendants.          )

## JOINT INITIAL STATUS REPORT

### I. Attorneys of Record

Plaintiff:           Marc P. Trent
                      Trent Law Firm, P.C.
                      600 W. Jackson Blvd #100
                      Chicago, IL 60661

Defendants:

    1.  **Meta Platforms, Inc.:**
        Gary Feinerman
        Latham & Watkins LLP
        330 N Wabash Ave, Suite 2800
        Chicago, IL 60611

    2.  **Spill the Tea, Inc., Paola Sanchez, and Blake Millbrand:**
        Amanda Catalano & Megan Ryan
        Tabet DiVito & Rothstein, LLC
        209 S. La Salle Street, 7th Floor
        Chicago, IL 60604

    3.  **Abbigail Rajala, Rodney Rajala, and Carol Rajala:**
        Andrew D. Finke & James Vanzant
        Blaine & Vanzant, LLP
        922 Davis Street
        Evanston, IL 60201

### II. Nature of Claims

Plaintiff asserts nine counts in the Second Amended Complaint, including:

1. Misappropriation (765 ILCS 1075)

2. Unjust Enrichment

3. Defamation *Per Se* against Against Meta Platforms, Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill the Tea, Inc., and Jane Does

4. Civil Liability for Doxing (740 ILCS 195/15) Against Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc., and Jane Does

5. Invasion of Privacy by False light; Civil Conspiracy- Against Meta Platforms, Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc., and Jane Does

6. Strict Product Liability- against Meta Platforms

7. Negligence- against Meta Platforms

8. Negligent Entrustment – against Meta Platforms

9. Defamation Per Quod- Against Meta Platforms, Inc., Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc.,

Each of Plaintiff's counts stems from alleged unauthorized republication, defamatory statements, and misappropriation of his likeness facilitated through the "Are We Dating the Same Guy?" online community.

Defendants deny Plaintiff's claims and assert various defenses, including immunity under Section 230 of the Communications Decency Act.

III. **Briefly Identify the Major Legal and Factual Issues in the Case**

1. Whether Meta Platforms, Inc. and other Defendants qualify for immunity under the Communications Decency Act, given the allegations of active algorithmic amplification and content moderation involvement.

2. Whether the published content constitutes actionable defamation under Illinois law, considering statements made and disseminated by the Defendants.

3. Whether Plaintiff's image was used for commercial purposes without consent, violating the Illinois Right of Publicity Act.

4. Whether Meta's recommendation systems directly contributed to reputational harm by promoting defamatory content.

5. The extent to which Plaintiff's personal identifying information was shared intentionally to cause harm, and whether Illinois statutes provide remedies.

6. Whether Meta's platform design and moderation policies constitute negligence or strict liability under Illinois law.

## IV. Relief Sought by Any of the Parties

Plaintiff seeks monetary damages to the maximum extent permitted by law, injunctive relief, punitive damages attorney's fees, and restitution.

## V. Jurisdiction

### A. Federal Statutes Supporting Jurisdiction:

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that all Plaintiffs and Defendants are domiciled within different States and the amount in controversy exceeds $75,000.00.

2. Diversity jurisdiction under 28 U.S.C. § 1332(a) also applies.

### B. Basis for Disputes Over Jurisdiction:

Defendants contest whether jurisdiction is proper over certain claims and parties.

### VI. Status of Service

All named Defendants have been served or have waived service. Appearances have been filed by counsel for all Defendants.

## VII.        Motions

**A. Pending Motions:**

1.  Meta Platforms' Motion to Dismiss SAC (filed 11/22/2024).

    a.  Plaintiff's response is due 12/16/2024.

    b.  Defendant's reply is due 01/06/2025.

2.  Spill the Tea, Inc., Paola Sanchez, and Blake Millbrand's Motion to Dismiss SAC (filed 12/02/2024).

    a.  Plaintiff's response is due 01/03/2025.

    b.  Defendants' reply is due 01/17/2025.

3.  Abbigail Rajala, Rodney Rajala, and Carol Rajala Filed their Motion to Dismiss on 12/9/2024.

**B. Anticipated Responses:**

Defendants may file additional motions contingent upon rulings on the current motions to dismiss.

## VIII.       Case Plan

**A. Proposed Discovery Schedule:**

1.  Rule 26(a)(1) Disclosures: After ruling on pending motions to dismiss.

2.  Written Discovery Begins: 02/15/2025.

3.  Depositions Begin: 04/01/2025.

4.  Fact Discovery Closes: 06/15/2025.

**B. Discovery Disputes:**

1.  **Defendants' Position:** Discovery should be stayed pending resolution of motions to dismiss to avoid unnecessary burden and expense.

2. **Plaintiff's Position:** Discovery should proceed to preserve evidence and expedite case preparation.

## C. ESI Discovery:

The parties anticipate ESI discovery and will confer on a proposed ESI order.

## IX. Trial

Plaintiff demands a jury trial. Trial is anticipated to require 2-3 weeks.

## X. Settlement Discussions

The parties have not engaged in settlement discussions but remain open to mediation following resolution of motions to dismiss.

Respectfully submitted,

_____
Marc P. Trent (ARDC #6324928)
Attorney for Plaintiff

_____
Gary Feinerman
Attorney for Meta Platforms, Inc.

_____
James Vanzant
Attorney for Abbigail Rajala

_____
Amanda Catalano
Attorney for Defendants Spill

The Tea, Inc., Paola Sanchez,
and Blake Millbrand

**TRENT LAW FIRM, P.C.**
600 W. Jackson Blvd #100
Chicago, IL 60661 (630) 682-3100
*service@trentlawfirm.com*