**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NIKKO D'AMBROSIO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 24-cv-678 |
| | ) | |
| META PLATFORMS, INC., *et al.*, | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

**I. Attorneys of Record**

Plaintiff:          Marc P. Trent
                    Trent Law Firm, P.C.
                    600 W. Jackson Blvd #100
                    Chicago, IL 60661

Defendants:

1. **Meta Platforms, Inc. ("Meta"):**
   Gary Feinerman
   Latham & Watkins LLP
   330 N Wabash Ave, Suite 2800
   Chicago, IL 60611
2. **Spill the Tea, Inc., Paola Sanchez, and Blake Millbrand:**
   Amanda Catalano & Megan Ryan
   Tabet DiVito & Rothstein, LLC
   209 S. La Salle Street, 7th Floor
   Chicago, IL 60604
3. **Abbigail Rajala, Rodney Rajala, and Carol Rajala:**
   Andrew D. Finke & James Vanzant
   Blaine & Vanzant, LLP
   922 Davis Street
   Evanston, IL 60201

**II. Nature of Claims**

Plaintiff asserts nine counts in the Second Amended Complaint, including:

1. Misappropriation (765 ILCS 1075) against all Defendants;

2. Unjust Enrichment against all Defendants;

3. Defamation *Per Se* against Meta, Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill the Tea, Inc., and Jane Does;

4. Civil Liability for Doxing (740 ILCS 195/15) against Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc., and Jane Does;

5. Invasion of Privacy by False light; Civil Conspiracy against Meta, Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc., and Jane Does;

6. Strict Product Liability against Meta ;

7. Negligence against Meta ;

8. Negligent Entrustment against Meta ; and

9. Defamation *Per Quod* against Meta, Abbigail Rajala, Paola Sanchez, Blake Millbrand, Spill The Tea, Inc., and Jane Does.

Each of Plaintiff's counts stems from alleged unauthorized republication, defamatory statements, and misappropriation of his likeness facilitated through the "Are We Dating the Same Guy?" online community.

Defendants deny that Plaintiff has stated any claims and assert various defenses, including that the claims are barred by Section 230 of the Communications Decency Act and the First Amendment.

### III. Briefly Identify the Major Legal and Factual Issues in the Case

1. Whether Plaintiff's claims are barred by Section 230 of the Communications Decency Act.

2. Whether Plaintiff's claims are barred by the First Amendment.

3. Whether the published content constitutes actionable defamation under Illinois law.

4. Whether defendants are liable for misappropriation under 765 ILCS 1075/5.

5. Whether Meta's recommendation systems directly contributed to reputational harm by promoting defamatory content.

6. Whether defendants are liable for doxing under 740 ILCS 195/15.

7. Whether Meta's platform design and moderation policies constitute negligence or strict liability under Illinois law.

## IV. Relief Sought by Any of the Parties

Plaintiff seeks monetary damages to the maximum extent permitted by law, injunctive relief, punitive damages attorney's fees, and restitution.

## V. Jurisdiction

### A. Federal Statutes Supporting Jurisdiction:

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that all Plaintiffs and Defendants are domiciled within different States and the amount in controversy exceeds $75,000.00.

2. Diversity jurisdiction under 28 U.S.C. § 1332(a) also applies.

### B. Basis for Disputes Over Jurisdiction:

Defendants contest whether jurisdiction is proper over certain claims and parties.

## VI. Status of Service

All named Defendants have been served or have waived service. Appearances have been filed by counsel for all Defendants.

## VII. Motions

### A. Pending Motions:

1. Meta's Motion to Dismiss SAC (filed 11/22/2024).
   a. Plaintiff's response is due 12/16/2024.

      b.  Defendant's reply is due 01/06/2025.

2. Spill the Tea, Inc., Paola Sanchez, and Blake Millbrand's Motion to Dismiss SAC (filed 12/02/2024).

      a.  Plaintiff's response is due 01/03/2025.

      b.  Defendants' reply is due 01/17/2025.

3. Abbigail Rajala, Rodney Rajala, and Carol Rajala Filed their Motion to Dismiss on 12/9/2024.

## B. Anticipated Responses:

Defendants may file additional motions contingent upon rulings on the current motions to dismiss.

## VIII.   Case Plan

### A.   Plaintiff's Proposed Discovery Schedule:

1. Rule 26(a)(1) Disclosures: After ruling on pending motions to dismiss.

2. Written Discovery Begins: 02/15/2025.

3. Depositions Begin: 04/01/2025.

4. Fact Discovery Closes: 06/15/2025.

Defendants' position is that discovery should be stayed pending the Court's resolution of the pending motions to dismiss.

### B. Discovery Disputes:

1. **Defendants' Position:** Discovery should be stayed pending resolution of motions to dismiss to avoid unnecessary burden and expense. Plaintiff has requested a 45-day extension of time to respond to the motions to dismiss, which defendants are considering;

defendants' position is that there is no need to expedite discovery given plaintiff's requested extension.

2. **Plaintiff's Position:** Discovery should proceed to preserve evidence and expedite case preparation.

### C. ESI Discovery:

The parties anticipate ESI discovery and will confer on a proposed ESI order.

## IX. Trial

Plaintiff demands a jury trial. Trial is anticipated to require 2-3 weeks.

## X. Settlement Discussions

The parties have not engaged in settlement discussions but remain open to mediation following resolution of motions to dismiss.

Respectfully submitted,

_/s/Marc Trent_____
Marc P. Trent (ARDC #6324928)
Attorney for Plaintiff

/s/Gary Feinerman_____
Gary Feinerman
Attorney for Meta Platforms, Inc.

_/s/_James Van Zant_____
James Vanzant
Attorney for Abbigail Rajala

/s/Amanda Catlano

Amanda Catalano
Attorney for Defendants Spill
The Tea, Inc., Paola Sanchez,
and Blake Millbrand

**TRENT LAW FIRM, P.C.**
600 W. Jackson Blvd #100
Chicago, IL 60661 (630) 682-3100
service@trentlawfirm.com