UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Nikko D'Ambrosio**, | |
| Plaintiff, | |
| v. | No. 24-cv-00678 |
| **Carol and Rodney Rajala**, | Judge Sunil R. Harjani |
| Defendants. | |

## Reply in Support of Motion to Dismiss

Defendants Carol and Rodney Rajala, through undersigned counsel, submit this reply in support of their motion to dismiss. *See* Dkt. 76.

### Argument

1. **Plaintiff's IRPA claims fail as a matter of law.**

D'Ambrosio's IRPA claim against Carol and Rodney Rajala boils down to his claim that IRPA "extends liability to those who enable or facilitate the unauthorized use of another's identity, especially when that facilitation is through a system under their control." Dkt. 87 at 21. D'Ambrosio provides no citation to authority for this bold claim. Indeed, as Abbigail Rajala's reply explains, Illinois courts that have considered the issue have specifically rejected D'Ambrosio's argument. *See* Dkt. 92 (citing *Abbs v. Lily's Talent Agency, LLC*, 2012 IL App (1st) 103726-U).

This claim is frivolous, finds no support in any relevant case law, and defies common sense. As the court in *Abbs* explained, "[i]f the legislature intended that an individual would be liable under the Act not only for his own use of an individual's identity, but also if he arranges for the use of the identity by another individual, then

such liability would have been expressly stated in the Act's language." *Abbs* 2012 IL App 103726-U at ¶¶ 24-27. Tellingly, the Illinois legislature *did* modify the act to articulate third party liability, adding subsection (d), effective January 1, 2025:

> Any person who materially contributes to, induces, or otherwise facilitates a violation of subsection (b) by another person *after having obtained actual knowledge that the other person is infringing upon an individual's rights* under this Section may be found liable for the violation.

765 ILCS 1075/30(d) (emphasis added). The 2025 revisions also added subsection (b), which prohibits a person from knowingly distributing "a sound recording or audiovisual work with actual knowledge that the work contains an unauthorized digital replica." 765 ILCS 1075/30(b). Thus, while the 2025 revisions did not directly change the text of subsection (a), they confirm the holding in *Abbs*, that the Illinois legislature had not extended liability under IRPA to third parties who merely enabled or facilitated an unauthorized commercial use without engaging in or having actual knowledge of unauthorized commercial use themselves. *Abbs* 2012 IL App 103726-U at ¶¶ 24-27. Instead, where IRPA creates liability for persons who facilitate the use of another's intellectual property for a commercial purpose, the statute specifically requires that person to have actual knowledge that an individual's rights are being infringed.

Thus, even if D'Ambrosio's claim that Carol and Rodney Rajala "were complicit in the unauthorized redistribution of Plaintiff's intellectual property" (Dkt. 53 ¶ 48) were true, it would not satisfy IRPA in its current form because D'Ambrosio has failed to allege that Carol and Rodney Rajala were directly involved in an alleged unauthorized use of his identity for commercial purposes. Indeed, D'Ambrosio's response admits that his complaint does not meet this standard, explaining that Carol and Rodney "are alleged to have knowingly maintained the means of the unauthorized use." Knowingly maintaining Abbigail's

access to the internet is not enough under language of the statute, particularly with the recent revisions specifying conditions for third-party liability.

Likewise, D'Ambrosio insists that "commercial purpose is adequately pled" because AWDTSG has "inherently commercial undertones". See Dkt. 87 at 21. Nonsense. Nowhere in the complaint does D'Ambrosio allege facts showing that Carol and Rodney knew of the "inherently commercial undertones" of the group in which Abbigail's post appeared. D'Ambrosio has not alleged that Carol and Rodney know who the he is or what AWDTSG is.

Even so, D'Ambrosio insists that Carol and Rodney are liable because they "benefited indirectly through their acquiescence". See *Id*. Yet, he makes no attempt to explain how Carol and Rodney benefitted from any of the actions alleged in the complaint. Moreover, Plaintiff has not even alleged that Carol and Rodney *knew* that Abbigail intended to use their Wi-Fi network for this purpose. Thus, Plaintiff has not explained how Carol and Rodney 'acquiesced' in anything. Had Abbigail logged into her Facebook account using the Wi-Fi at a Starbucks, would Starbucks be liable for 'failing to stop the unauthorized redistribution' of Plaintiff's image? Had Abbigail done the same at a Chicago Public Library location, would the city of Chicago be liable under the statute?

Plaintiff has not alleged that Abbigail received *any* economic compensation from any of the activity alleged in the second amended complaint. D'Ambrosio has provided even less information on this point for Carol and Rodney. Clearly, Carol and Rodney's actions fall well outside the statute's definition of 'commercial purpose'. Plaintiff cites no authority in support of his theory of ever-expanding liability. This court should dismiss the IRPA claims against Carol and Rodney with prejudice.

2. **Plaintiff's unjust enrichment claims fail as a matter of law.**

Plaintiff's unjust enrichment theory is even more peculiar. According to the Plaintiff, Carol and Rodney were enriched because Abbigail, "accrued benefits in the form of public attention and online engagement". See Dkt. 87 at 21. In other words, Plaintiff demands compensation from Carol and Rodney because Abbigail used their Wi-Fi network to gain internet clout at his expense. This theory finds no support in the allegations in the second amended complaint. Indeed, D'Ambrosio does not even make this "internet clout" argument in the response to Abbigail's motion to dismiss the unjust enrichment claim. D'Ambrosio cites no authority in support of his assertion that likes and shares on Facebook can constitute 'enrichment.' Nor does he cite any authority in support of his theory that Carol and Rodney can be liable because Abbigail 'enriched' herself in this way.

As Abbigail explained in her reply brief, unjust enrichment claims allow Plaintiffs to disgorge benefits unjustly retained. What benefit is he seeking to disgorge from Carol and Rodney? What benefits did they receive by allowing their daughter to access their wi-fi network?

Plaintiff's unjust enrichment claims against Carol and Rodney are frivolous and should be dismissed with prejudice.

## Conclusion

This court should dismiss all claims against Carol and Rodney, with prejudice.

Respectfully Submitted,

/s/ *Andrew D. Finke*
Attorney for Carol and Rodney Rajala

Andrew D. Finke

- 5 -

Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: adf@blainevanzant.com

*Note: Law clerk Hank T. Stillwell provided substantial and invaluable assistance to counsel in preparing this motion to dismiss.*