UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Nikko D'Ambrosio**, | |
| Plaintiff, | |
| v. | No. 24-cv-00678 |
| **Abbigail Rajala**, | Judge Sunil R. Harjani |
| Defendant. | |

## Reply in Support of Motion to Dismiss

Defendant Abbigail Rajala, by their undersigned counsel, submits this reply in support of her motion to dismiss plaintiff Nikko D'Ambrosio's second amended complaint (Dkt. 75) with prejudice.

### Argument

Instead of addressing any of the arguments Ms. Rajala raised in her motion to dismiss, D'Ambrosio's response merely recites the elements of each cause of action in conclusory terms. As a result, D'Ambrosio has failed to adequately plead any of the allegations against Ms. Rajala, and his second amended complaint should be dismissed with prejudice.

1. **Plaintiff's IRPA claim fails as a matter of law.**

Each of the defendants' motions to dismiss raised two general points on the IRPA claims: (1) D'Ambrosio cannot allege that any of the defendants used his photograph for a "commercial purpose" as required by the statute, and (2) the IRPA specifically exempts the use of an individual's identity in a visual work where, as here, the work does not constitute in and of itself a commercial advertisement for a product, merchandise, goods, or services. *See* Dkt. 75 at 2-5;

Dkt. 71 at 10-11, Dkt. 65 at 3-4. In response, D'Ambrosio claims that Ms. Rajala's actions "were inextricably linked to [Spill the Tea's] profit motives" and thus constitute "commercial use" under the IRPA. *See* Dkt. 87 at 17 (citing Dkt. 53 at ¶¶ 16, 28, 81). Yet, nowhere in the complaint does D'Ambrosio show any meaningful link between Ms. Rajala's actions (posting, in a private group, his photograph and a review of their date) with "the crowdsourcing of funds and collection of monetary proceeds" that underpin the alleged commercial purpose. Dkt. 53 ¶ 81.

Even if the Spill the Tea Defendants had used Ms. Rajala's post in their fundraising efforts (they did not, as explained in their motion, *see* Dkt. 71 at 11), the IRPA does not create liability for an intermediary who arranges for a third party to an individual's image for commercial purposes. *See Abbs v. Lily's Talent Agency, LLC*, 2012 IL App (1st) 103726-U, ¶¶24-27 ("If the legislature intended that an individual would be liable under the Act not only for his own use of an individual's identity, but also if he arranges for the use of the identity by another individual, then such liability would have been expressly stated in the Act's language."). It is not enough to vaguely claim that Ms. Rajala's post was "inextricably linked" to the commercial motives of an online forum merely because she posted on a platform where "administrators solicited donations, subscriptions, and crowdfunding" or because its user engagement "was directly tied to advertising revenue." Dkt. 87 at 17.

Nowhere does Plaintiff show how *Ms. Rajala herself* used D'Ambrosio's image for a commercial purpose in her post, aside from this general assertion that a platform and a group's administrators generally benefit from its users reading and posting on the platform. Again, D'Ambrosio does not claim that Ms. Rajala received or sought to receive any economic benefit by posting Plaintiff's image in

the group, or that any users posting in the group could expected such a benefit from doing so. Thus, D'Ambrosio also cannot show that Ms. Rajala intended to generate economic benefit by posting his photograph in the group.

Plaintiff's attempt to apply the IRPA to a plainly non-commercial use of his image has no merit. Plaintiff's response does not adequately address the arguments in Ms. Rajala's response and provides no additional support for his second amended complaint. As such, Plaintiff's IRPA claims fail as a matter of law.

2. **Plaintiff's defamation claims fail as a matter of law.**

In her motion to dismiss, Ms. Rajala advanced four arguments against D'Ambrosio's defamation claims: (1) the complaint does not identify any false statements Ms. Rajala made (Dkt. 75 at 4-5); (2) the statements attributed to Ms. Rajala are nonactionable opinions (Id. at 5-6); (3) the complaint fails to plead special damages for the per quod claim (Id. at 6-7); and (4) Ms. Rajala's post does not fall under any of the categories of statements that are defamatory per se (Id. at 7-9). Again, D'Ambrosio's response fails to engage any of Ms. Rajala's arguments directly and instead offers bare recitals of the elements with citations to the complaint that offer no support for its conclusions.

Rather than facing Rajala's innocent construction argument, D'Ambrosio insists that his complaint is adequate because it identifies statements "[i]mplying Plaintiff was accused of criminal sexual assault" and "characterizing Plaintiff as dishonest and immoral." Dkt. 87 at 18. However, D'Ambrosio stops short of accusing Ms. Rajala of authoring any of these allegedly false and defamatory statements. Nor does he claim that Ms. Rajala reposted, liked, shared, or otherwise amplified any allegedly defamatory statements. Rather, Plaintiff alleges only that Ms. Rajala posted Plaintiff's image alongside provably false and defamatory statements. See [Dkt. 53 at 11]. Without more, this is a tacit admission that any

allegedly defamatory statements were authored by other commenters, not Ms. Rajala. Indeed, the attachments to Plaintiff's complaint contradict the notion that Ms. Rajala was the author of the statements D'Ambrosio claims implicated him in sexual assault. See Dkt. 53 Exhibit C. Instead, the records attached in Exhibit C clearly show that the comment linking to an article about Anthony LaMonica (see Dkt. 53 at 48), occurred after the posts attributed to Ms. Rajala. Nor is there any allegation or facts showing that she responded to or shared that comment. In short, D'Ambrosio cannot point to a statement by Rajala that implies he was accused of criminal sexual assault.

D'Ambrosio's claim that Rajala characterized him as "dishonest and immoral" fares no better. Most of the statements attributed to Ms. Rajala are non actionable opinion. See Dkt. 75 at 5-6. The nearest these statements come to a comment on D'Ambrosio's professional ability is the claim that Rajala said D'Ambrosio "kept talking about how [she didn't] want to see his bad side, especially when he was on business calls." Dkt. 53 at 48. As discussed in the motion to dismiss, this statement does not meet the per se category of statements that accuse the plaintiff of "lacking ability in his trade or doing something bad in the course of carrying out his job." Dkt. 75 at 9 (quoting Cody v. Harris, 409 F.3d 853, 857 (7th Cir. 2005). At most, the alleged statement was a comment on Mr. D'Ambrosio's personal demeanor at work, not a claim questioning whether he has the skill necessary to perform his occupation. See id. (collecting cases). In sum, because Rajala's statements can reasonable be given a non-defamatory interpretation, they are not actionable here.

Plaintiff's response brief does nothing to refute the remaining arguments in Ms. Rajala's motion to dismiss. Regarding his defamation per quod claim, D'Ambrosio again parrots the complaint's general claim of damages, including "reputational

harm, emotional distress, and loss of professional opportunities" but does not allege special damages. Dkt. 87 at 19. D'Ambrosio still does not "itemize his losses or plead specific damages of actual financial injury," as required under Rule 9(g)'s heightened pleading standard for special damages and pecuniary loss. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). Thus, his per quod claim necessarily fails.

3. **Plaintiff's false light and civil conspiracy claims fail as a matter of law.**

Again, "when a false light invasion of privacy claim follows an unsuccessful defamation claim, the false light claim must also fail." *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021). Plaintiff has still failed to properly allege a claim for defamation, so Plaintiff's false light claim must fail as a matter of law as well. D'Ambrosio's citation to Osundairo only reinforces this principle. *See* Dkt. 87 at 16 (citing *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 738 (N.D. Ill. 2020)). Although the court in Osundairo observed that false light and defamation are independent claims, it also confirmed that "[w]here an unsuccessful defamation per se claim is the basis of [a plaintiff's] false-light claim, plaintiff's false light invasion of privacy claim fails as well." *Osundairo*, 447 F. Supp. 3d at 738 (internal quotation omitted).

Regarding his civil conspiracy claim, D'Ambrosio similarly provides no argument and instead recites the elements of conspiracy under Illinois law and cites to a series of paragraphs from the complaint that do the same without alleging any particular facts to support these conclusory statements. These allegations are not enough to raise his claims above the speculative level. Without more, labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**4. Plaintiff's Illinois Doxing Act claim fails as a matter of law.**

In her motion to dismiss, Ms. Rajala argued that D'Ambrosio's Doxing Act claim failed to allege (1) any publication of "personally identifiable information," (2) facts showing Ms. Rajala's intent to harm or harass D'Ambrosio while knowing he "would be reasonably likely to suffer death, bodily injury, or stalking," and (3) any facts to show that he suffered "emotional distress," a "substantial life disruption," or fear of "serious bodily injury" as defined under the Act (740 ILCS 195/5, 10). *See* Dkt. 75 at 10-15. Again, D'Ambrosio ignores the defendants' arguments and instead recites the statutory elements and mischaracterizes the facts alleged in the second amended complaint.

In response to the first argument, D'Ambrosio merely recites the statutory language, concluding that Rajala "published Plaintiff's photograph and identifying information" without providing any factual detail or legal argument as to how that satisfies the statute, despite Ms. Rajala's argument to the contrary in her motion to dismiss. Dkt. 75 at 11-12 (arguing why posting an individual's first name and photograph cannot "distinguish or trace" that person's identity nor qualify as information that is "linked or linkable to a person in the manner the statute requires).

Similarly, D'Ambrosio's only argument on the second point is a claim that "Rajala acted with intent to harm Plaintiff, as evidenced by her targeting him within a group known for inciting harassment." Dkt. 87 at 19. Again, this ignores the arguments in the motion to dismiss. Dkt. 75 at 12-13. It is not enough to simply state that Rajala published D'Ambrosio's information within a group known for "inciting harassment." While that may sufficiently allege that Rajala intended to harass D'Ambrosio, it is not enough to support an allegation that Rajala published the information "with knowledge or reckless disregard that the person whose information is published would be reasonably likely to suffer death, bodily injury,

or stalking,"[1] as required by the Doxing Act. *See* 740 ILCS 195/10(1); *see also*, Dkt. 75 at 12-13. It is not enough to claim, as D'Ambrosio does, that Rajala intended to harm him by "targeting him within a group known for inciting harassment" if the statute requires, at least, that it was reasonably likely for D'Ambrosio to suffer death, bodily injury, or true threats as a result of her post. Dkt. 87 at 19. Thus, even D'Ambrosio's attempt to parrot the language of the statute failed to adequately map the requirements of the statute. This alone is enough to doom his claim.

Finally, D'Ambrosio's claim that he "suffered substantial emotional distress and life disruption as a direct result" again merely parrots this element of the Doxing Act. Again, D'Ambrosio's complaint does not plead any facts to show that he suffered substantial emotional distress and life disruption as defined under the statute.

### 5. Plaintiff's unjust enrichment claim fails as a matter of law.

Again, D'Ambrosio's unjust enrichment is not a separate cause of action under Illinois law and fails if the claims on which it relies also fail. Even so, D'Ambrosio's reliance on *Cleary* is puzzling. In *Cleary*, the Seventh Circuit explained that "unjust enrichment does not seek to compensate a plaintiff for loss or damages suffered but seeks to disgorge a benefit that the defendant unjustly retains." *Cleary v. Phillip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011). D'Ambrosio has alleged no such benefit to Rajala that could be disgorged.

---

[1] "Stalking" is defined under the Doxing Act by reference to 720 ILCS 5/12-7.3 of the criminal code, which the Illinois Supreme Court has limited in relevant part to true threats of unlawful violence. *See* Dkt. 75 at 18-19 (discussing at length the Illinois Supreme Court's history of interpreting 720 ILCS 5/12-7.3(a)(2) and its relevance to "stalking" under the Doxing Act)

- 8 -

Again, Plaintiff's response brief does nothing to refute the arguments laid out in Ms. Rajala's motion to dismiss. Thus, Plaintiff's unjust enrichment claim fails.

## Conclusion

For all the reasons above and the reasons set forth in Defendant Abbigail Rajala's motion to dismiss, the second amended complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> /s/ *Andrew D. Finke*
> Attorney for Abbigail Rajala

Andrew D. Finke
BLAINE & VANZANT, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: adf@blainevanzant.com

*Note: Law clerk Hank T. Stillwell provided substantial and invaluable assistance to counsel in preparing this motion to dismiss.*